IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-03545-LTB

STEVEN DUANE CURRY,

    Applicant,

v.

THE PEOPLE OF THE STATE OF COLORADO,

    Respondent.

---

ORDER DENYING MOTION TO DISQUALIFY

---

Plaintiff has filed *pro se* two Letters, ECF No. 24 and 23, since the dismissal of this case.  For the most part the Letters are like each of the ten other letters he has filed; they are nonresponsive to the December 16, 2019 Order.   Plaintiff, however, in the February 5, 2020 Letter includes a Motion to Disqualify, ECF No. 24 at 1.   The Motion must be construed liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   For the reasons discussed below, the Motion will be denied.

I dismissed the instant action without prejudice for failure to comply with a Court order and for failure to prosecute.   Plaintiff contends that I dismissed the case without a citation to law and failed to secure and protect Plaintiff's rights.   ECF No. 24 at 1-2. Plaintiff also contends that I have ignored my duty and obligation and should be disqualified and disbarred under Colo. Rev. Stat. § 16-6-201.   ECF No. 24 at 2.

4#
#

To the extent Plaintiff is attempting to have me recuse myself from this case, I construe the request pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455. Title 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request the judge before whom the matter is pending to recuse himself or herself based upon personal bias or prejudice either against the moving party or in favor of any adverse party. Section 144 requires the moving party to submit a timely and sufficient affidavit of personal bias and prejudice. *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997). "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Although I must accept the facts alleged in a supporting affidavit under § 144 as true, the affidavit is construed strictly against the moving party. *See Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988). The moving party has a substantial burden "to demonstrate that the judge is not impartial." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The goal of this provision is to avoid even the appearance of partiality. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). Pursuant to § 455, I am not required to accept all factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Glass*, 849 F.2d at 1268 (internal quotation marks omitted). The standard is completely

objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom.  See *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

Plaintiff has not submitted a timely and sufficient affidavit of personal bias and prejudice, and he fails to make any reasoned argument that would demonstrate an appearance of partiality.   Plaintiff merely disagrees with the dismissal of this action. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."   *Liteky v. United States*, 510 U.S. 540, 555 (1994).   Therefore, a request to recuse will be denied.

Plaintiff's request that I be disqualified and disbarred pursuant to Colo. Rev. Stat. § 16-6-201, included in the Motion, is improperly presented to this Court.   Accordingly, it is

ORDERED that for the reasons stated above, the Motion to Disqualify, ECF No. 24, is DENIED.

DATED at Denver, Colorado, this  7th   day of     February     , 2020.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court